Jeremy J. Nork (SBN 4017)
Frank Z. LaForge. (SBN 12246)
HOLLAND & HART LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511-2094
Tel: (775) 327-3000 | Fax: (775) 786-6179

Mark J. Butler (*pro hac vice*)
MARK BUTLER & ASSOCIATES
4667 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
Tel: (949) 500-6277 | Fax: (949) 743-2938

Attorneys for Defendant *CMM Technology, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. ORDNANCE, a Nevada corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>CMM TECHNOLOGY, INC., a California corporation and DOES 1-20, inclusive,<br><br>                    Defendants. | Case No.: 3:19-cv-00409-MMD-CBC<br><br>**DEFENDANT CMM TECHNOLOGY, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER THE CASE** |

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

1

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................3

II. RELEVANT FACTS AND PROCEDURAL HISTORY ....................................3

    A.  Factual Background...........................................................................................3

    B.  Procedural History.............................................................................................4

III.    APPLICABLE LEGAL STANDARDS.............................................................5

IV.    ANALYSIS .......................................................................................................6

    A.  CMM is not Subject to General Jurisdiction in Nevada....................................6

    B.  CMM is not Subject to Specific Jurisdiction in Nevada ...................................7

        1.  CMM did not purposefully direct its conduct toward Nevada. ....................7

        2.  The claims arise out of or relate to the CMM's activities in California, not Nevada. ...................................................................................................9

        3.  It would be unreasonable to require CMM to defend itself in Nevada for the sale of a product the occurred in California. .........................................9

V. ALTERNATIVELY, THE COURT SHOULD TRANSFER THE CASE TO A DISTRICT COURT IN CALIFORNIA ..............................................................10

VI.    CONCLUSION ................................................................................................11

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

## I.     INTRODUCTION

Pursuant to FRCP 12(b)(2), Defendant CMM Technology, Inc. ("CMM") moves to dismiss the Complaint filed against it by Plaintiff U.S. Ordnance ("Plaintiff") for lack of personal jurisdiction. Plaintiff (who is based in Nevada) alleges breach-of-contract and warranty claims against CMM (who is based in California) arising from the sale of a machine in California. The Court should dismiss this action because this Court, as well as the Nevada state courts, lack personal jurisdiction over defendant CMM.

First, there is no general personal jurisdiction over CMM because: a) CMM is a California corporation with its principal place of business in the city of San Clemente, California; b) CMM has no affiliation with the state of Nevada or any resident thereof; c) CMM has no operations, property or employees located in Nevada; and d) CMM does not direct advertising specifically at Nevada. As such, CMM is not subject to the general jurisdiction of any court located within Nevada.

Second, there is no specific personal jurisdiction over CMM because: a) it was Plaintiff that reached out to CMM by initiating contact with CMM at its San Clemente office to negotiate the purchase of the machine; b) the sale was completed in California as Plaintiff took title to the machine in San Clemente; and c) a third-party shipping company transported the machine to Plaintiff's location in McCarran.  Accordingly, there is no specific personal jurisdiction over CMM here.

Based on these facts, the Nevada's long-arm statute, and relevant case law, this Court has no personal jurisdiction over CMM that would allow this case to proceed, and it should be dismissed for lack of personal jurisdiction. Alternatively, if the Court believes it is in the interest of justice, the Court may instead transfer the case to the United States District Court of the Central District of California, Southern Division, which has personal jurisdiction over CMM.

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY.

### A.     Factual Background

CMM is a California corporation with its principal place of business in the city of San Clemente, California. Declaration of Matt Bradley in Support of Defendant CMM Technology,

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer the Case ("Bradley Decl.") ¶3. CMM has no business operations in Nevada. *Id.* CMM has no facility, permanent or temporary, in Nevada. *Id.* CMM has no technicians, or other personnel, in Nevada. *Id.* CMM has no distributors or affiliates in Nevada. *Id.* CMM has no direct marketing, mail, email, phone or media targeting to solicit business in Nevada. *Id.*

In mid-July 2016, Wade Parker from Plaintiff called CMM inquiring about purchasing a machine. *Id.* ¶4. Matt Bradley, CMM's Sales Manager, spoke with Mr. Parker and was told by Mr. Parker that he had seen CMM's website and that Plaintiff was interested in buying a particular machine from CMM, which was in stock at the CMM facility in San Clemente. *Id.* After some discussion, on September 22, 2016 Plaintiff emailed CMM a written Purchase Order (the "PO") to CMM in San Clemente specifying the sale as "FOB Origin," which signifies "Free On Board" from the origin point of shipment. CMM's technicians then retrofitted the machine at CMM's facility in San Clemente based on Plaintiff's specifications. *Id.* After the machine was retrofitted, a third-party trucking company picked up the machine at CMM's San Clemente facility and transported it to Plaintiff's facility in McCarran, Nevada. *Id.* Because the origin point of shipment was San Clemente, Plaintiff took title to the machine in California under the terms of the PO. *See* Bradley Decl. ¶4, Ex. A; *Aurora Corp. of Am. v. Michlin Prosperity Co.*, 2015 WL 5768340, at *6 (C.D. Cal. Sept. 29, 2015) ("In an "F.O.B." contract, '[t]he seller's delivery is complete (and the risk of loss passes to the buyer) when the goods pass into the transporter's possession.'") (quoting BLACK'S LAW DICTIONARY (10th ed. 2014)).

### B.   Procedural History.

On June 13, 2019, Plaintiff filed its Complaint in the Second Judicial District Court for the State of Nevada, asserting claims for breach of contract, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for particular purpose, all of which revolve around the September 2016 sale of a single machine by CMM to Plaintiff. *See* Complaint.

On July 18, 2019, CMM timely removed the case from the Nevada state court to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §1446.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

### III.   APPLICABLE LEGAL STANDARDS.

Under FRCP 12(b)(2), a responding party may seek dismissal based upon lack of personal jurisdiction. "[T]he U.S. Supreme Court has long directed lower courts to presume that they lack jurisdiction." *Best Odds Corp. v. iBus Media Limited*, 2014 U.S. Dist. LEXIS 66927, at *7 (D. Nev., May 15, 2014) (citing *Turner v. Bank of North America*, 4 U.S. 8, 11 (1799)). Accordingly, "[w]hen a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). To meet this burden, a plaintiff must do more than simply point to the jurisdictional allegations in his Complaint or the "allegations in a lawyer's brief"; rather, the Plaintiff "must verify the facts alleged through materials of evidentiary quality." *Barrett v. Lombardi*, 239 F.3d 23, 27 (1st Cir. 2001). In analyzing a 12(b)(2) motion, "the court may properly consider written submissions by the parties, such as deposition transcripts, declarations, and other evidence." *Lehrer v. Connelly*, 2012 U.S. Dist. LEXIS 40866, at *9 (D. Nev., March 23, 2012). Further, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992).

The Ninth Circuit has established a two-step test to determine the propriety of asserting personal jurisdiction over an out-of-state defendant. Specifically, the plaintiff must establish that personal jurisdiction is: (1) permitted under the applicable state's long-arm statute; and (2) that the exercise of jurisdiction does not violate federal due process. *Pebble Beach*, 453 F.3d at 1154. Because the reach of Nevada's long-arm statute, NRS 14.065, is co-extensive with the jurisdictional limitations imposed by federal due process, "the Court must only decide whether the exercise of personal jurisdiction would be consistent with requirements of federal due process." *Lehrer*, 2012 U.S. Dist. LEXIS 40866, at *7. A state may only acquire personal jurisdiction over a nonresident defendant if the defendant has "minimum contacts" with the state so that maintenance of the suit will not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) *accord, Hanson v. Denckla*, 357 U.S. 235 (1958). The constitutional requirements for personal jurisdiction may be met by

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

5

establishing either general or specific jurisdiction. *Reebok Int'l v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995); *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). As detailed below, Plaintiff cannot meet its burden to show that Nevada has personal jurisdiction—either general or specific—over CMM.[1]

## IV.   ANALYSIS.

### A.   CMM is not Subject to General Jurisdiction in Nevada.

The standard for establishing general jurisdiction is "fairly high," *Brand*, 796 F.3d at 1073, and "exacting" "as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). General jurisdiction can only be established when a defendant's activities in the forum state are so "substantial" or "continuous and systematic" that the defendant is essentially at home in the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).

Under this heavy standard, CMM is not subject to general jurisdiction in Nevada. CMM is a California corporation with its principal place of business in San Clemente. Bradley Decl. ¶3. CMM has no business operations in Nevada. *Id*. CMM has no facility, permanent or temporary, in Nevada. *Id*. CMM has no technicians, or other personnel, in Nevada. *Id*. CMM has no distributors or affiliates in Nevada. *Id*. CMM has no direct marketing, mail, email, phone or media to solicit business in Nevada. *Id*. And finally, CMM's designated agent for service of process is located in California, not Nevada. Declaration of Lynne Alexandrea in Support of Defendant CMM Technology, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer the Case  ¶2. And counsel for Plaintiff mailed the Complaint and related Request for Waiver of Summons to CMM at its office in San Clemente. *Id*. ¶3.

---

[1] Should US Ordnance withstand CMM's FRCP 12(b)(2) motion to dismiss for lack of personal jurisdiction, CMM reserves the right to dispute US Ordnance's allegations and raise any defense, including asserting a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

**B.  CMM is not Subject to Specific Jurisdiction in Nevada.**

The inquiry into whether a forum state may assert specific jurisdiction over an out-of-state defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden to satisfy the first two prongs. *Id.* If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established. *Id.* If the plaintiff satisfies both of the first two prongs, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

In this case, Plaintiff fails all three prongs of the Ninth Circuit's test for personal jurisdiction.

**1.  CMM did not purposefully direct its conduct toward Nevada.**

"Purposeful direction" under Ninth Circuit and Supreme Court precedent means that the defendant committed an act outside of the forum state that was intended to and does in fact have an effect within the forum. *See Brayton Purcell*, 606 F. 3d at 1128 (*citing Calder v. Jones*, 465 U.S. 783, 788-89 (1984)). Also known as the "*Calder* effects test," purposeful direction requires the plaintiff to prove that the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *See Love v. Associated Newspapers, Ltd.*, 611 F. 3d 601, 609 (9th Cir. 2010). In order to

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

satisfy the "express aiming" requirement of the *Calder* effects test, Plaintiff must show that CMM expressly aimed its conduct toward Plaintiff in Nevada. *See Brayton Purcell*, 606 F. 3d at 1130-31; and *Menalco, FZE v. Buchan*, 602 F. Supp. 2d 1186, 1194 (D. Nev. 2009) ("The express aiming needed to demonstrate purposeful direction *requires Defendants to individually target* a plaintiff who Defendants know to be a forum resident."(emphasis added)). .

In this case, Plaintiff cannot prevail under the *Calder* effects test because CMM did not "expressly aim" any conduct toward Nevada., Rather, Plaintiff sought out CMM in California. *See* Bradley Decl., ¶¶3-4. Plaintiff's agent, Wade Parker, called CMM at its San Clemente offices and negotiated the sale and purchased the machine. *Id.* Plaintiff also emailed the PO to CMM's San Clemente office. *Id.* Moreover, the machine was retrofitted by CMM at its San Clemente facility. *Id.* And the sale closed with title to the machine transferring to Plaintiff in San Clemente. *Id.*; *Aurora Corp.*, 2015 WL 5768340, at *6. It was only after Plaintiff held legal title to the machine that a third-party trucking company delivered it from CMM's facility in San Clemente to Plaintiff's facility in McCarran, Nevada. *Id.*

Furthermore, although CMM's website is accessible to Nevada residents (as well as the residents of any other part of the planet with an Internet connection), CMM does not direct marketing activity targeted to Nevada residents either through its website or by any other means. *Id.* As such, CMM's website does not satisfy the express aiming requirement. *See Pebble Beach*, 453 F. 3d at 1157 (noting that passive websites do not satisfy express aiming requirement).

CMM made no affirmative effort to benefit from the Nevada marketplace or to compete in Nevada. Rather, Plaintiff reached out to CMM at its San Clemente facility where the sale was negotiated and completed. Then, Plaintiff acquired title to the machine in California when a third-party trucking company took the machine to deliver it to Plaintiff. Based on this conduct, it cannot be said that CMM either directed its activity toward Nevada or sought to benefit from the Nevada forum. Accordingly, CMM has not "expressly aimed" its conduct toward Nevada, and Plaintiff cannot prevail under the *Calder* effects test. This ends the necessary analysis.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

2.   **The claims arise out of or relate to the CMM's activities in California, not Nevada.**

All of the claims in the Complaint relate to the sale of the machine by CMM to Plaintiff. The sale was negotiated and closed, with title transferred to Plaintiff, in San Clemente. Moreover, it was not until after the machine was retrofitted, and after title transferred to Plaintiff in California that it was delivered to Plaintiff's facility in McCarran. In addition, the machine was delivered by a third-party trucking company, and not by CMM. So all of the claims arise out of or are related to CMM's activities in California and not in Nevada.

3.   **It would be unreasonable to require CMM to defend itself in Nevada for the sale of a product in California.**

Finally, because Plaintiff cannot establish the first two prongs of the applicable test regarding specific jurisdiction, the burden does not shift to CMM to show that the exercise of jurisdiction over it would be unreasonable. However, in addition to lack of purposeful direction and lack of nexus, the Court should grant this motion because the exercise of personal jurisdiction over CMM would also be unreasonable. In determining reasonableness, courts consider the following seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Doe v. Geller*, 533 F. Supp. 2d 996, 1006-07 (N.D. Cal. 2008) (*citing Harris Rutsky*, 328 F.3d at 1132). In this case, factors 1, 2, 5 and 7 all strongly favor CMM, while factors 3, 4 and 6 are neutral. First, as noted above, CMM has not purposefully injected itself into Nevada. Second, the burden on CMM to defend itself in Nevada is substantial, especially when the material witnesses for CMM are all located in California. Third, it would be far more efficient to litigate this case where the sales took place and the witnesses are located. And fourth, California is an alternative forum.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

As for the remaining factors, California and Nevada have an equal interest in adjudicating this dispute, and it would be relatively simple for Plaintiff to litigate in California. Accordingly, the Court should find that in light of all the factors—especially the minimum contact CMM has had with the state of Nevada—it would be unreasonable for CMM to litigate this action in Nevada. *See Doe*, 533 F. Supp. 2d at 1007-09.

## V.   ALTERNATIVELY, THE COURT SHOULD TRANSFER THE CASE TO A DISTRICT COURT IN CALIFORNIA.

While this Court lacks personal jurisdiction over CMM, instead of dismissing the case entirely, it may transfer the case to a district where jurisdiction is proper pursuant to 28 USC §1631. *See Goldlawr, Inc. v. Heiman* 369 US 463, 466 (1962) (explaining that §1406(a) may apply when there is no personal jurisdiction); *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (statute of limitations would run if case dismissed and recommenced in correct district); *Munns v. Kerry*, 782 F3d 402, 414 (9th Cir. 2015). This is so even though a transferor court does not have personal jurisdiction over the defendant as it may order the case transferred so that jurisdiction can be established in the transferee court. *Goldlawr, Inc. v. Heiman*, 369 US 463, 466-467 (1962); *SongByrd, Inc. v. Estate of Grossman*, 206 F3d 172, 177, n. 9 (2nd Cir. 2000).

CMM believes that dismissal pursuant to FRCP 12(b)(2) is the best approach because it will allow Plaintiff time to decide whether or not to pursue the matter in a proper venue and there are no statute of limitations or other issues that would prejudice Plaintiff from a dismissal, but the Court has the option to instead transfer the case to the United States District Court of the Central District of California, Southern Division. Not only does that Court have personal jurisdiction over CMM, where this Court does not, it is also the best venue for witnesses as the courthouse is located in Santa Ana, California, in the same county as CMM's San Clemente offices.

So while dismissing the case and allowing Plaintiff to file a new lawsuit in the proper venue would be both procedurally and practically most efficient for this Court, for the transferee

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

1  Court, and for both parties, the Court may transfer the case if it does not wish to dismiss it
2  outright.

3  **VI.     CONCLUSION.**

4         For the foregoing reasons, CMM respectfully submits that Plaintiff's lawsuit be
5  dismissed pursuant to FRCP 12(b)(2) for lack of personal jurisdiction. Alternatively, it requests
6  that the Court order the case transferred to the United States District Court of the Central
7  District of California, Southern Division located in Santa Ana, California.

8         DATED this 21st day of August, 2019.

9                                                    /s/
                                          Mark J. Butler (*pro hac vice*)
10                                         Mark Butler & Associates
                                          4667 MacArthur Blvd., Suite 200
11                                         Newport Beach, CA 92660
                                          Tel: (949) 500-6277 | Fax: (949) 743-2938
12
                                          Jeremy J. Nork (SBN 4017)
13                                         Frank Z. LaForge. (SBN 12246)
                                          HOLLAND & HART LLP
14                                         5441 Kietzke Lane, Suite 200
                                          Reno, NV 89511-2094
15                                         Tel: (775) 327-3000 | Fax: (775) 786-6179
16
                                          Attorneys for Defendant *CMM Technology, Inc.*
17
18
19
20
21
22
23
24
25
26
27
28

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

1

## CERTIFICATE OF SERVICE

2
I, Martha Hauser, certify:

3
I am employed in the City of Reno, County of Washoe, State of Nevada, by the law
offices of Holland & Hart LLP. My business address is 5441 Kietzke Lane, Second Floor, Reno,

4
Nevada 89511. I am over the age of 18 years and not a party to this action.

5
On August 21, 2019, I electronically filed the foregoing **DEFENDANT CMM
TECHNOLOGY, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL**

6
**JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER THE CASET**, via
CM/ECF, in compliance with the Federal Rules of Civil Procedure and LR 4-1. Service on all

7
registered participants will be accomplished by CM/ECF.

8
Richard G. Campbell, Jr.

9
Sihomara L. Graves
KAEMPFER CROWELL

10
rcampbell@kcnvlaw.com
sgraves@kcnvlaw.com

11

12
                                                     /s/
                                                     Martha Hauser

13

14
13445291_v2

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094